*New-Haven,*
November,
1818.

*Hovey*
*v.*
Magill.

---

ALLING, administrator of *Gorham*, deceased, *against* MUNSON.

THIS was an action on the case, for the non-performance of an award. The submission and award were thus stated in the declaration : " That on the 28th day of *December*, 1814, sundry disputes and differences had arisen, and were existing, between the plaintiff, in his said capacity of administrator, and the defendant, concerning two notes executed by the defendant, to the said *Gorham*, deceased, in his the said *Gorham's* life time, *viz.* one of said notes being for the sum of 157 dollars, dated the 12th day of *February*, 1812, and payable six months from its date, with interest ; and the other of said notes, dated the same day and year, being for the sum of 500 dollars, payable one year from the date thereof, with interest : and in order to make an end and final determination of all said disputes and differences, the defendant, and the plaintiff, in his said capacity, at *New-Haven*, *viz.* on the 28th day of *December*, 1814, submitted to stand to the arbitration and award of *Henry Daggett* and *Stephen Twining*, Esq'rs. arbitrators indifferently chosen by and between the plaintiff, in his said capacity, and the defendant, to arbitrate, order, and finally award of, upon and concerning all the premises : And the defendant, afterwards, *viz.* at said *New-Haven*, on the day and year last aforesaid, in consideration of said submission, and that the plaintiff did then and there promise the defendant, that he, the plaintiff, would faithfully abide by, and fulfil whatever the said arbitrators should award and determine concerning the premises, on his part to be fulfilled, then and there promised the plaintiff, that he, the defendant, would well and

An administrator may submit a claim of his intestate to arbitration ; and may, in that capacity, maintain a suit on the award.

Arbitrators may award costs, at their discretion, without express authority, for that purpose, in the submission.

*Semb.* A parol submission of a claim in favour of an intestate estate, to arbitration, by the administrator, is not within the statute of *Frauds.*

2  691
71  595

A'ling
*v.*
Munson.

truly perform and fulfil whatever said arbitrators should arbitrate, award and determine, on his part to be performed and fulfilled, concerning the premises : and said arbitrators did undertake the business of arbitrating, ordering and awarding between the plaintiff and defendant, of and concerning the premises ; and did, by their award, made afterwards thereon, *viz.* at *New-Haven,* on the 23d day of *February,* 1815, arbitrate, order and award between the plaintiff and defendant, in manner following, *viz.* That a debt due to *Charles Denison,* Esq. of 80 dollars and 30 cents, from the defendant, and a debt due from the defendant to *Daniel Read & Son,* at the time of the date of said notes, were to have been paid by the plaintiff's intestate, the said *Gorham,* and made a part of the consideration of said notes ; that said *Gorham* never paid said debt, and that the amount thereof ought to be deducted from said notes ; that there was due, including interest, to the said 23d day of *February,* 1815, from the defendant to the said plaintiff, in his said capacity of administrator, on the said note, the sum of 618 dollars and 77 cents ; that the plaintiff should pay the arbitrators' fees, being 8 dollars, and the cost of room and fire, being two dollars ; and that the defendant should pay to the plaintiff the said sum of 618 dollars and 77 cents ; and also the sum of 10 dollars for fees of arbitrators, and cost of room and fire ; and that, on the payment of the same, by the defendant, the plaintiff should deliver up to the defendant the aforesaid notes ; and that the costs of each party attending said arbitration, should be borne by each respectively.

On the trial at *New-Haven, August* term, 1818, before *Swift,* Ch. J. and *Brainard* and *Chapman,* Js., the plaintiff proved a parol submission, and an award in writing, as stated in his declaration. The defendant contended, that the plaintiff, in his capacity of administrator, had no authority to submit the matters of controversy to arbitration ; that he could not maintain an action, in that capacity, on the award ; and that, as no power was delegated to the arbitrators to decide respecting the costs, they could not make an award relative to that subject. But the court charged the jury, that the plaintiff had authority, as administrator, to make the submission, and could, in that capacity, maintain the action ; and that the submission being general,

the arbitrators had authority to award respecting the costs; and directed the jury to find for the plaintiff the amount of the award: which they accordingly did. The defendant thereupon moved for a new trial, on the ground of a misdirection. He also moved in arrest of judgment, for the insufficiency of the declaration. The questions arising on these motions were reserved for the consideration and advice of the nine Judges.

*New-Haven,*
November,
1818.

Alling
*v.*
Munson.

*N. Smith* and *R. S. Baldwin,* in support of the motions, contended, 1. That the plaintiff, as administrator, had no power to make the submission, and, of course, has no right of action on the award. No decided case authorizes such a power; and the decisions in analogous cases are against it. An administrator is a mere trustee; and it is settled, that trustees connot bind their *cestuy que trusts,* by a submission. A judge of probate being a trustee for the benefit of others, cannot submit their rights to arbitrament. *Thomas* v. *Leach,* 2 *Mass. Rep.* 152. *Paine* v. *Ball & al.* 3 *Mass. Rep.* 235. The act of submission, being a contract, which *originated* with the administrator, must, if it has any effect, bind him *personally,* and cannot operate upon the estate of the deceased. *Sumner,* admr. v. *Williams & al.* 8 *Mass. Rep.* 162. 200. 208. If an administrator perform an award against him, he is liable over for what he might have recovered, or held, at law. *Kyd* on *Awards,* 40.

2. That if the plaintiff, as administrator, had power to make the submission, yet being by *parol,* it is within that clause of the statute of *Frauds,* which provides, that no suit shall be maintained upon any agreement, " whereby to charge any executor, or administrator," &c. The judgment against an executor or administrator, on a contract made by him, in that capacity, is always *de bonis propriis;* and if the plaintiff could be subjected in consequence of this submission, he would be made " to answer damages out of his own estate."

3. That the award is bad on the face of it, because it awards *costs,* without any authority for that purpose, in the submission. By the submission, no power is given to the arbitrators to award upon any subject, except the " differences concerning two notes," existing between the parties, at the time. *Candler* v. *Fuller, Willes* 62. *Grove* v. *Cox,*

1 *Taun.* 165.   *Bradley* v. *Tunstow,* 1 *Bos. & Pull.* 34.   If the award is bad as to costs, it is bad *in toto ;* because the payment of costs, is made a condition precedent to the giving up of the notes.   Besides, if the law is with the defendant, on this point, he is entitled to a new trial, for the misdirection.

*Staples* and *L. E. Wales,* contra, contended, 1. That an administrator may submit a claim of his intestate to arbitration, and his submission will bind the estate.   An administrator is the *representative* of his intestate, with respect to the settlement of the estate.   He has the whole legal interest, controul and disposition of the estate.   He may discharge, or compound debts.   He may institute suits, and prosecute or abandon them, at pleasure.   The amount recovered by this award, would be *assets* in his hands.   *Kyd* on *Awards,* 39.   *Barry* v. *Rush,* 1 *Term Rep.* 691, 2.   *Pearson* & al. v. *Henry,* 5 *Term Rep.* 6.   *Nettleton,* admr. v. *Buckingham,* 1 *Root,* 149.

2. That the statute of *Frauds* could have no application to this case.

3. That the power to award costs is incident to every submission, containing no provision to the contrary.   *Kyd* on *Awards* 152. 396.   *Malcolm & al.* v. *Fullarton,* 2 *Term Rep.* 645.   *Wood* v. *O'Kelly,* 9 *East,* 436.   *M'Laughlin* v. *Scott,* 1 *Binn.* 61.   *Strong* v. *Ferguson,* 14 *Johns. Rep.* 161. In this state, it has been the uniform practice for arbitrators to exercise the power in question ; a practice in itself reasonable, and attended with no inconvenience.

SWIFT Ch. J.   I am of opinion, that the authorities clearly establish the position, that an administrator can submit a claim of the deceased, whom he represents, to arbitration ; and that he can, in that capacity, maintain a suit on the award.

Though there has been some difference of opinion and practice, in different countries, with respect to the power of arbitrators to award costs, where no provision is made in the submission ; yet the practice in this state has been, where the submission was general, and there has been no restriction on their power respecting costs, to consider the arbitrators vested with a discretionary authority to decide whether costs should be allowed, or not.   Such a power

would seem to result from the nature of the submission, where there was no express provision. The rule is reasonable, and attended with no inconvenience. Immemorial usage has given to it the sanction of common law; and it would now be unwise to depart from it.

*New-Haven,*
November,
1818.

Alling
*v.*
Munson.

TRUMBULL, EDMOND, BRAINARD, HOSMER and PETERS, Js. were of the same opinion.

GOULD J. I have no doubt, that an administrator has power to submit a claim, over which he has the legal controul. Nor can I perceive, how the present submission is affected, by the statute of *Frauds.* And as to the plaintiff's suing in his representative character, I take the rule to be, that an administrator, (not having taken a new written security to himself,) *may* always sue in that manner, if the money sued for, will, when recovered, be assets in his hands: as, in this case, it clearly will be.

There seems to me, then, to be no difficulty, in supporting the direction to the jury, except in regard to the costs of the arbitration. And if I was satisfied, that the awarding of costs, in cases, in which the submission contains no express authority, for that purpose, was sanctioned by any such general, and long established usage, as could be deemed authoritative; I would cheerfully acquiesce in it. For I think, that such a rule might be attended with convenience; and if it were established, parties submitting would be apprized of it beforehand, and, if the submission were silent, as to costs, would be presumed to have made their submission, with reference to it. But I am not aware, that there is any such general usage, where no power to award costs is given, by the terms of the submission: and upon strict original principles, arbitrators have no authority, except what is delegated to them, by the parties. Now, what was the authority, conferred upon the arbitrators, by this submission? An authority to award, only, upon certain *claims and controversies,* or, in the language of the declaration, certain " disputes and differences," subsisting between the parties, at the *time* of the submission. But the costs, or charges, which might afterwards accrue, on either side, constituted no part of those disputes, or differences, and consequently, no part of the subject matter submitted. It appears to me,

New-Haven,
November,
1818.

Alling
v.
Munson.

therefore, that so far as regards the costs of the arbitration, the direction of the court was wrong.

SMITH, J. concurred fully in this opinion.

CHAPMAN, J. The award, in this case, is claimed to be void, on two grounds :

1. That the administrator had no authority to submit.

2. That the arbitrators awarded costs.

As to the first point, were there no adjudged cases, I could entertain no doubt. The administrator, in respect to the personal property, choses in action, &c. stands in the place of the intestate, and has the whole *legal* interest in them. He may dispose of the personal property, release all personal claims, compound, &c. It would, therefore, seem strange, if he could not submit, when he has power to discharge.— But the adjudged cases are too numerous to admit of a doubt on that subject.

The extent, however, of the administrator's liability to the representatives of the deceased, is a different question. They are not bound, in respect to their claim upon him, by the amount of the award ; nor would they be, in case of a release, &c. Their claims remain open ; and in a suit on the administrator's bond, a larger sum might be recovered against him, than might have been awarded to him. Yet, as between the parties to the submission, the award is *final*, so that either party, in case of a suit on the matter submitted, might plead the award in bar. It lies not, therefore, with the defendant, to say, that the award is not both *mutual* and *final.*

As to the second question—I admit, that the old and modern authorities are at variance with each other. In the case of *Bussfield* v. *Bussfield*, *Cro. Jac.* 577, 8. it seems to have been adjudged, that an arbitrator had no authority, without a special provision, in the submission, for that purpose, to award costs ; but it is well known, that since that period, great changes have taken place, in the law of arbitrations. The following authorities will evince the truth of the remark. *Malcom & al.* v. *Fullarton*, 2 *Term Rep.* 645. *Wood* v. *O'Kelly*, 9 *East* 436. *M'Laughlin* v. *Scott,* 1 *Binn.* 61. *Strong* v. *Ferguson*, 14 *Johns. Rep.* 161.

The *true criterion*, after all, (as this point is now, for the first time, made before this Court,) is to discover, if we can, what was the intention of the parties to the submission — Having discovered *that*, the conclusion follows as a matter of course. A man may agree *expressly*, or *impliedly*. The costs are an *incident*. If the *principal matter* is submitted, it would seem, that what was but an *incident*, would be included. If, however, further arguments were necessary, they might be drawn from a practice, which, I believe, has been universal, in this state. By agreeing to submit a *controversy*, the parties agree to abide the *consequences*; one of which is the costs.

*New-Haven,*
November,
1818.

Alling
*v.*
Munson.

I think, therefore, the decision of the superior court was right.

New trial not to be granted; and
Motion in arrest insufficient.