RODMAN WOOD, Respondent, *v.* WELLINGTON TUNNICLIFF
et al., Appellants.

Executors and administrators have the power to submit to arbitration
disputed claims or demands in favor of or against the estate they
represent.

The provisions of the Revised Statutes (2 R. S., 89, § 36, *et seq.*), relating
to the reference of disputed claims against the estates of decedents, are
not inconsistent with and do not take away or restrict the common law
right of arbitration.

The right of executors or administrators to arbitrate is also included in the
language of the general statute of arbitrations (2 R. S., 540).

*It seems* that an award against the estate of a deceased person, under a
submission made by the personal representatives of the decedent, will
ascertain and liquidate the claim submitted, but will confer upon the
party in whose favor it is made no right of priority of payment as
against other creditors.

So, also, an award of payment absolutely, while it may bind said represen-
tatives personally, cannot prejudice the rights of other creditors, having
debts of equal degree, to share equally in the distribution of the estate.

The time for making an award under a sealed submission may be extended
by parol agreement; and where parties proceed with an arbitration,
after the time fixed in the submission, without objection, and an award
is subsequently made, the parties will be deemed to have waived the
stipulation as to time.

As to whether the guarantors of a party to a submission to arbitration, for
the performance of the award on his part, are discharged by an extension
of time for making the award, *quære.*

Where, in an action upon the guaranty, no question as to the release of
defendant by such an extension is raised upon the trial it cannot be raised
upon appeal to this court.

Mutual promises, by persons competent to contract, to submit to arbitra-
tion claims and demands which are the subjects of arbitration, are a
good consideration each for the other; a submission therefore, being
obligatory, a guaranty of performance of the award, executed concur-
rently with the submission, is binding also.

Plaintiff and the executors of V. H., deceased, submitted to arbitrators
certain disputed claims arising out of transactions between plaintiff and
the testator in his lifetime; the executors covenanted to abide by and
perform the award, and defendants executed a guaranty covenanting to
pay any award made against the executors in case of their failure to
pay. The arbitrators found that the executors, as such, were indebted
to plaintiff in the sum stated. In an action upon the guaranty, *held,*
that it was not simply an indemnity against any *devastavit* on the part of
the executors; that the executors by entering into the arbitration

assumed that the assets were sufficient to pay any award which might be made; and that, upon their failure to pay, defendants were liable without regard to the question whether or not there were assets in the hands of the executors applicable to the payment of the award sufficient to pay the same.

(Argued April 17, 1878; decided May 28, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought upon a guaranty under seal of the payment upon the part of the executors of Cornelius T. E. Van Horne, deceased, of any award made against them upon a submission to arbitrators, executed by said executors and the plaintiff, defendants covenanting that, in case an award was made against the executors, and they should not pay the same, that defendants would pay or cause to be paid the amount thereof.

On the 10th day of March, 1874, the attorneys for the executors, and for the plaintiff, entered into an agreement reciting the pendency of various suits between the parties, and agreeing that the same should be submitted to arbitrators named, the arbitrators to make their award in writing, under seal, on or before May 15, 1874, the executors to give a bond, with sufficient security, conditioned that they would abide by the award and pay to plaintiff such sum as should be found due him upon said award. On the 24th March, 1874, plaintiff and the executors executed, under seal, a submission referring therein to and making the agreement or stipulation of their attorneys part thereof, and mutually agreeing to submit all causes of action, controversies and claims existing between them, arising out of matters between plaintiff and the deceased, to the arbitrators named, each party covenanting to observe and perform the award.

The referee found that the parties proceeded with the arbitration before the arbitrators named, who, on November 16, 1874, made an award in favor of plaintiff against the execu-

tors, in the sum of $4,686.62, and that the executors have not paid the same.

Further facts appear in the opinion.

*Samuel Hand,* for appellants. The executors were not bound by anything that appeared in the arbitration papers. (*Chouteau* v. *Suydam,* 21 N. Y., 179; *Powell* v. *Graham,* 7 Taunt., 581; *Douse* v. *Coxe,* 3 Bing., 20; 47 N. Y., 367; *Love* v. *Honeybourne,* 4 D. & R., 814; *Schoonmaker* v. *Roosa,* 17 J. R., 301; *Pearson* v. *Henry,* 5 T. R., 6; *Bank* v. *Tapping,* 9 Wend., 275; *Ten Eyck* v. *Vanderpool,* 8 J. R., 120.) The executors had no power or authority to submit claims against the estate to arbitration. (*Tucker* v. *Tucker,* 4 Keyes, 136, 150; 2 R. S., 89, §§ 36–39; *Cook* v. *Kelly,* 12 Abb., 36; *Hardy* v. *Ames,* 47 Barb., 413; *Whitney* v. *Defosse,* 1 Den., 159; Story on Agency [7th ed.], § 13; *Hawley* v. *James,* 5 Paige, 487; *Newton* v. *Bronson,* 3 Kern., 587.) Defendants were released from liability by the failure to make the award at the time agreed upon. (*Buck* v. *Wadsworth,* 1 Hill, 321; *Damley* v. *L. C. and D. R. Co.,* L. R., 2 H. of L., 43.) The executors could not waive the provision as to the time of making the award for defendants without their consent. (*Coleman* v. *Wade,* 2 Seld., 44; *Billington* v. *Wagoner,* 33 N. Y., 31; *Dorlon* v. *Christie,* 30 Barb., 610.) The relation of plaintiff to the arbitrators vitiated the award. (*People* v. *Wheeler,* 21 N. Y., 85.)

*C. D. Adams,* for respondent. A submission by executors of a claim against their testator to arbitration, with a promise to pay the award, is their personal promise, and the award can be enforced against them personally. (3 R. S. [5th ed.], 201, § 1; 1 D. & E., 691; *Barry* v. *Rush,* 5 id., 6; 17 J. R., 301; 13 Wend., 557.) The award is valid, and may be enforced as a good common law award. (21 N. Y., 148.) The liability of defendants is co-extensive with that of the executors. (47 N. Y., 653; 37 id., 526.) The arbitrators were not disqualified from acting by reason of their

relationship to plaintiff. (21 N. Y., 82–86; 1 Den., 186, 187; 2 Barb. Ch., 331.) It was too late to claim for the first time in this court that the award was rendered void by the delay in making it. (37 N. Y., 526; 58 id., 541–546; 52 id., 399–404; 51 id., 541–546.)

ANDREWS, J. If the arbitration agreement between the plaintiff and the executors of Van Horne, was mutually binding and obligatory upon the parties, and the award made was within the submission, no doubt can be entertained of the correctness of the judgment against the defendants. Their undertaking was to pay any award made against the executors in case of their failure to pay it. The arbitrators found that the executors, as such, were indebted to the plaintiff in the sum of $4,502.42, and awarded payment thereof by them.

The indebtedness, thus ascertained, grew out of transactions between the plaintiff and the testator in his lifetime, and was for labor performed by the plaintiff for the testator, and personal property sold. It was conceded on the trial that before the action was commenced, a copy of the award was served on the executors, and that they refused to pay it. These facts brought the case within the very terms of the defendants' engagement. The arbitrators had made an award against the executors — they had refused to pay it, and the defendants' covenanted that, upon the happening of these events, they would "pay or cause to be paid the amount thereof." The language of the defendants' covenant does not admit of the construction that their liability was contingent upon the existence of assets, or that they were to pay to the extent only of the assets in their hands applicable to its payment. No such contingency is expressed or implied in the guaranty. The parties to the submission mutually bound themselves to abide by and perform the award of the arbitrators, and the giving of security by the executors, to pay to the plaintiff such amount as should be found due to him by the arbitrators, was, as distinctly appears

in the preliminary agreement of March 10, 1874, one of the considerations upon which the plaintiff became a party to the submission.    The limited construction of the defendants' covenant, insisted upon, would defeat the manifest purpose of the instrument, and would result in making it an indemnity simply against any *devastavit* on the part of the executors, so that, if there were no assets, the defendants would incur no liability.    The executors, in entering into the arbitration, and covenanting to abide by and perform the award, and to give security for the payment of the sum awarded, ·assumed that the assets were sufficient to pay any award which might be made.    (*Worthington* v. *Barlow*, 7 T. R., 453; *Riddell* v. *Sutton*, 5 Bing., 200.)

There was no lack of consideration for the defendants' promise, assuming that the executors had power to enter into the submission.    Mutual promises, by persons competent to contract, to submit to arbitration claims and demands, which are the subject of arbitration, are a good consideration, each for the other.    (*Hodges* v. *Saunders*, 17 Pick., 470; 1 Parsons on Cont., 438.)    If the submission was mutually binding and obligatory, the collateral or secondary obligation of the defendants, executed concurrently therewith, was binding also.

Passing these preliminary questions, we come to the consideration of the principal question in the case, and that is as to the power of executors or administrators to enter into an arbitration in right of their testators or intestates.    It is claimed by the defendants' counsel that no such ·power exists, and that it was a condition precedent to any liability of the defendants upon their promise that there should be a valid award.

Without considering whether, if the award was invalid for the reason stated, it would constitute a defense to this action, we think the assumption that executors or administrators cannot be parties to a submission to arbitration in right of their testators or intestates is not well founded, and that they have the power to submit to arbitration disputed claims or

demands in favor of or against the estate they represent. That this power exists at common law is well settled  (Bac. Ab., art. C; *Wilkins* v. *Mitchel*, 1 Lord Ray., 348; *Barry* v. *Rush*, 1 T. R., 691; *Schoonmaker* v. *Roosa*, 17 J. R., 301; *Bean* v. *Farnam*, 6 Pick., 269; *Wheatley* v. *Martin*, 6 Leigh., 62; *Alling* v. *Munson*, 2 Conn., 691; 2 Williams on Executors, 1800; Russell on Arb., 36; Watson on Arb., 74; Caldwell on Arb., 33.)

The right of executors or administrators to arbitrate is founded upon their legal title to the assets of the deceased, their power of disposition, and their authority to adjust and settle claims in which the estate they represent is interested. They will be bound by an award made pursuant to the submission, the same as other persons, although if the award is to the prejudice of the estate, as, for example, if the arbitrators award to an executor less than is due, he will it is said, be answerable to the heirs or other persons interested in the estate, as for a *devastavit.* (Bac. Abr., art. C.; Watson on Arb., 74 ; 6 Leigh., *supra.*) It is claimed, however, that the common law power of executors or administrators to submit claims against the estate to  arbitration is taken away by the provisions of the Revised Statutes, relating to the reference of disputed claims against the estate of decedents. (2 R. S., 89, § 36–39.) It is to be observed in the first place that the common law power of executors or administrators to arbitrate is not taken away by any express provision of law ; and if it is abrogated it must be for the reason that the statute relating to the reference of disputed claims against estates of deceased persons, and the system established thereby, is repugnant to and inconsistent with the continuance of the common law right. It is a familiar rule that a statute will not be construed as changing the common law unless the intention, appears from express words or by implication. There is not only an absence of any expression of legislative intention to take away the right of executors or administrators to enter into an arbitration in the statute relating to the powers and duties of executors or

administrators, but the system regulating the settlement of disputed claims by reference under the statute is entirely consistent with the existence of this power. The statute was designed to provide an easy, prompt and inexpensive method of securing an adjudication, having the force of a judgment, upon the validity of claims made against the estates of decedents. But neither party is bound to refer a controversy under the statute. The executor or administrator may refuse to refer, and so may the claimant. The courts are not ousted of their jurisdiction, and the claimant may bring his action to have his claim established in the ordinary way. The only consequence of his refusal to refer is to put the short statute of limitation in operation, and to prevent his recovering costs in an action against the executor or administrator, brought to recover the demand.

The settlement of disputes by arbitration is encouraged. It is generally a safe and convenient method of composing disputes and controversies. The general statute of arbitrations (2 R. S., 540) enacts that "all persons, except infants and married women and persons of unsound mind," may submit to arbitration any controversy which might be the subject of an action at law or suit in equity, with certain exceptions of claims to real estate. The personal representative of a deceased person, and a claimant, having a demand against the estate of a decedent which is disputed, are, in respect to such claim, within this general statute, and the right of executors or administrators to arbitrate is not excepted, but is included in its language. The exception claimed, if it exists, would naturally have been introduced into this statute, and the omission to insert it is of some moment in determining the question before us. But it is to be further observed that the sections of the statute, providing for the reference of disputed claims, only embrace one class of claims arising in the course of administration of the estates of decedents, viz., claims *against* the estate. Claims *in favor* of the estate are not embraced, and as to these the statute provisions for a reference have no application. It can admit of no doubt that, in respect.

to claims *in favor* of the estate, the common law power of arbitration still exists. If it was the intention of the Legislature to deprive executors or administrators of the power to arbitrate claims against the estate, no reason is apparent why the power in respect to claims in favor of the estate should not also have been abrogated. The statute has not, we think, in either case, changed the common law. It provides a special mode of adjudicating a certain class of claims, without the formal proceedings of an action, and leaves it to the option of the parties whether they will avail themselves of its provisions, and was not, we think, intended to restrict or exclude the common law right of arbitration. This question has never been decided in this State. In *Merritt* v. *Thompson* (27 N. Y., 225), the power of an executor or administrator to enter into an arbitration was assumed both by counsel and by the court, although the question was not considered. In *Tucker* v. *Tucker* (4 Keyes, 136), the point was not involved. The court say that the proceeding in question there, was not intended to be and could not be considered an arbitration. In *Chouteau* v. *Suydam* (21 N. Y., 179) it was held that the statute of 1847, which authorized executors to compromise claims with the approval of the surrogate, did not take away their common law right to compromise without such approval ; and in *Chadbourn* v. *Chadbourn* (9 Allen, 173) it was held that the common law right of an administrator to submit to arbitration was not affected by a Massachusetts statute, which empowered courts of probate to authorize executors or administrators to adjust by arbitration demands in favor of or against the estates of decedents.

An award made against the estate under a submission by executors or administrators will ascertain and liquidate the claim submitted, but it will confer no right upon the party in whose favor it is made, as against other creditors, to priority of payment out of the assets. The statute regulates the rights of creditors to distribution, and an award of payment absolutely, while it may bind the executors or adminis-

trators, personally, cannot prejudice the right of other credi-
tors, having debts of equal degree, to share in the distribu-
tion of the decedent's estate.

The authorities tend to establish that executors are per-
sonally bound by a covenant to abide by and perform an
award contained in a submission entered into by them
although in form they covenanted as executors, unless
from the other parts of the submission it appears that the
intention was to bind themselves only to pay out of the assets
in due course of administration. (*Barry* v. *Rush*, 1 Term,
691; *Worthington* v. *Barlow*, 7 id., 453; *Love* v. *Honey-
bourne*, 4 Dowling & Ryland, 814; *Ferrin* v. *Myrick*,
41 N. Y., 315; *Sumner* v. *Williams*, 8 Mass., 162; *Childs* v.
*Monins*, 2 B. & Bing., 460; *Ring* v. *Thorn*, 1 Term, 489.)

The only remaining question arises upon the fact that the
award was not made within the time limited in the submis-
sion. The defendants, in their eighth defense, aver that the
award was void " for that it was not made within the time
required by the alleged submission, and was and is not bind-
ing upon said executors." When the award was offered in
evidence on the trial, the defendants objected to its admis-
sion on the grounds (1) that it was immaterial, incompetent,
illegal and void; (2) that the executors had no power or
authority to enter into an arbitration ; (3) that the arbitra-
tors had no authority or jurisdiction to make the award, and
it had no binding force on the defendants, the executors, or
the estate represented by them. The objections were over-
ruled, and the plaintiff afterwards gave evidence tending to
show that the executors proceeded in the arbitration after
the time limited in the submission had expired, and that the
hearing was adjourned from time to time, with their consent.
The defendants, after the plaintiff rested, moved for a non-
suit on several grounds, and among others, that the evidence
did not establish a cause of action against them. The point
was not taken that the award was not binding on the defend-
ants by reason of its not having been made within the time
limited.

The time for making an award under a sealed submission may be extended by agreement not under seal (*Bloomer* v. *Sherman*, 5 Paige, 575); and when the parties proceed with an arbitration after the time fixed in the submission for making the award, without objection, and an award is subsequently made, the parties are deemed to have waived the stipulation as to time. (*Rex* v. *Hill*, 7 Price, 636; Wat. on Arb., 145.) In this case the plaintiff gave evidence which avoided the objection, that the award was void by reason of the fact that it was not made within the time limited. The question whether the defendants were discharged from their guaranty, by the extension of time, by the executors, was not raised on the trial, and we think cannot be raised at this time. If the objection had been made that the defendants were not bound by reason of the award not having been made within the time limited, we cannot say that their consent that the arbitration should proceed after that time might not have been proven, or that it might not have been shown (as was asserted on the argument) that they participated in the subsequent proceedings before the arbitrators.

We think the judgment should be affirmed.

All concur, except EARL, J., taking no part; ALLEN, J., absent.

Judgment affirmed.