WILLIAM S. JOHNSTON AND OTHERS, RESPONDENTS, v. HAMILTON WALLIS AND OTHERS, AS EXECUTORS, ETC., OF ALEXANDER H. WALLIS, DECEASED, APPELLANTS.

*Foreign executors — when an action will lie against them in this State to compel the specific performance of a contract.*

The defendants, who had been appointed the executors of one Wallis, in the State of New Jersey, entered into an agreement with the plaintiffs' assignor to sell to him a judgment recovered in the Supreme Court, county of Dutchess, against the Hudson River Iron Company, and subsequently assigned to the defendants' testator. The price to be paid for such judgment having, pursuant to the agreement of the parties, been fixed by arbitrators, the plaintiffs upon the refusal of the defendants to assign the judgment, brought this action to compel a specific performance of the contract. The defendants defended the action upon the ground that they were foreign executors and could not be sued as such in this State.

*Held*, that the contract having been made by themselves and not by their testator, the fact that they were foreign executors constituted no defense to the action.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action at the Dutchess County Special Term.

*Homer A. Nelson*, for the appellants.

*Thompson, Weeks & Lown*, for the respondents.

CULLEN, J.:

The defendants entered into an agreement with the plaintiffs' assignor to sell him a judgment recovered in the Supreme Court, county of Dutchess, against the Hudson River Iron Company, and subsequently assigned to the defendants' testator. The price to be paid for such judgment was to be fixed by the award of arbitrators. An award was so made, and the defendants having refused to assign at the price awarded, this action was brought to compel the specific performance of the contract for sale. The court at Special Term decreed a specific performance of the contract, and from such decree this appeal is taken.

The appellants resist the decree on two grounds, first, that they are foreign executors, and, therefore, cannot be sued as such in the courts of this State; second, that the award of the arbitrators did not decide the question submitted to them.

The first question is involved in much difficulty. It may be assumed that as a general proposition foreign executors can neither sue nor be sued outside of the jurisdiction to which they were appointed. But this case is peculiar in its facts. The defendants are not sued on account of any liability incurred by their testator, nor for the distribution of any assets that have come in their hands by virtue of their foreign appointment (though in the latter case, under certain circumstances, they might be sued in the courts of a State other than that in which their letters were issued). They are sued on a contract made by themselves as to property, the title to which is vested in them as executors. That the absolute title to the judgment vested in the defendants, even though they were foreign executors is undoubted. (*Petersen* v. *Chemical Bank*, 32 N. Y., 21.) Their inability to sue is simply a personal disability. So completely is the title vested in them that an assignee may maintain a suit on a chose in action transferred by foreign executors to him, although the executors may not. So a voluntary payment to foreign executors is a valid discharge of the debt. (*Parsons* v. *Lyman*, 20 N. Y., 103.) The liability on which the defendants are sued does not, in any proper sense, arise out of their appointment as executors. Their title to the property arises out of such appointment, but their liability arises out of the contract which they voluntarily made as to property of which they were the owners. This contract was made in this State, and related to property within this State. I cannot see why, in relation to such contracts, they do not stand, so far as relates to their liability to be sued here, in the same condition as other persons. The question is not raised that the executory contracts of executors will not be specifically enforced, and if raised would seem untenable. The contracts of trustees may be specifically enforced against the trust estate when the contract is fair and its execution would involve no breach of trust. (Hill on Trust., 477 ; Waterman on Specific Perf., par. 164 ; *Mortlock* v. *Buller*, 10 Vesey, 315.) In this case there is nothing to show that the sale is unfair or disadvantageous to the estate. That an executor in some cases may bind the trust is settled. (*Wood* v. *Tunnicliff*, 74 N. Y., 38 ; *Chouteau* v. *Suydam*, 21 id., 179.) As the executor is the legal owner of the property, and his duty is to sell and convert it, I think his executory contract, if not improvident, will bind the estate.

As to the second objection, I cannot see any sufficient proof to show that the arbitrators valued any land other than that submitted to them. And if it be assumed to be proved that they valued the land under water, then construing the whole agreement, I think it was the land under water that the parties agreed should be valued.

The judgment appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.