# BAILEY *v.* THE DISTRICT OF COLUMBIA.

---

# THE DISTRICT OF COLUMBIA *v.* BAILEY.

---

PRACTICE; CONSOLIDATION OF CAUSES; APPEAL; ARBITRATION; AGREEMENT, PARTIES TO; PAROL PROOF; TESTIMONY BEFORE ARBITRATOR; AWARD.

1. The consolidation for trial of causes between the same parties growing out of the same state of facts is a matter within the discretion of the trial court, and is not appealable.
2. It is competent for the District of Columbia and the administratrix of a deceased contractor to submit to arbitration a controversy arising out of a contract between the District and the contractor ; and the agreement therefor may be in writing or oral.
3. An agreement whereof some only of its parts are in writing is, in contemplation of law, an oral agreement, and may be proved by oral testimony.
4. Parol evidence is admissible to show that, where the plaintiff in a suit against the District addressed a letter to the District Commissioners proposing the appointment by them of some person as referee or arbitrator with power to hear testimony and make a final award, and after frequent interviews the Commissioners made an order which did not in terms refer to the letter or purport to be made in pursuance of it referring the cause to a person therein named, the agreement between the parties was for a submission to arbitration, and not for a mere reference of the cause requiring action by the court on the report to give it validity.
5. The testimony is no part of the award of an arbitrator; nor is it any part of the report of a referee, unless specifically so made by the report itself, or it has been directed by the order of reference to be returned to the court.
6. Where the testimony taken before a referee or arbitrator is not before the court, no inference whatever of the propriety or impropriety of the award can be drawn therefrom ; but the

award must be judged by its own findings of facts and its legal
conclusions therefrom, and not by any extraneous testimony.

Nos. 584 and 585.   Submitted October 16, 1896.   Decided November 3, 1896.

HEARING on an appeal by plaintiff from a judgment on
a verdict directed by the court in an action to recover dam-
ages for breach of contract; and by the defendant from a
judgment on verdict in an action on an award.   *Affirmed.*

The COURT in its opinion stated the case as follows:

These two cases have reference to the same subject-matter
of controversy, and were consolidated for trial in the court
below.

On February 24, 1883, Davis W. Bailey instituted suit at
common law in the Supreme Court of the District of Colum-
bia to recover damages from the District of Columbia, for
the alleged violation by the latter of a contract between the
District and himself, whereby he (Davis) had agreed to re-
pair with asphalt the surface of certain streets in the city of
Washington, and the District of Columbia had agreed to
pay him for the same.   The burden of his complaint was
that, while he was proceeding with the work, he was pre-
vented by the Commissioners of the District from complet-
ing it; and that they had refused to pay him his money, as
required by the contract.

The District of Columbia denied its liability, and con-
tested the suit, during the pendency of which and before
any trial of the issue between the parties, the plaintiff died,
and his administratrix, his widow, was substituted as plain-
tiff in his place (January 14, 1885).

No progress seems to have been made in the case until Sep-
tember 16, 1891, when one of the attorneys for the plaintiff ad-
dressed a letter to the Commissioners of the District, in which,
after having recited the substantial facts of the controversy, he
added: "I write to ask if you will appoint some good man
as a referee or arbitrator to whom this case may be referred,
with power to hear the evidence and make an award which

shall be accepted, whether for or against us, as a final set-
tlement of this long and much litigated case." No imme-
diate action seems to have been taken by the Commissioners
on this letter; but there were frequent interviews between
them and the attorney for the plaintiff, in which the sug-
gestions of the letter were reiterated by the latter and the
Commissioners were urged to name any person whom they
pleased as referee, with the distinct understanding that his
award should be final, as is claimed by the attorney. The
Commissioners finally acceded to the suggestion; and under
date of January 11, 1892, they made this order upon their
records:

"Office of the Commissioners of the District of Columbia.
Washington, January 11, 1892.—Ordered, that J. J. John-
son is hereby appointed referee in the matter of the suit of
*Bailey, administratrix of Bailey, deceased*, v. *District of Colum-
bia.*—Official copy.—By order: W. Tindall, Secretary."

This order was communicated to the plaintiff's attorney;
and thereupon the parties by their respective attorneys, and
with their witnesses, appeared before the referee, J. J. John-
son, Esq., who entered upon his duties as such, took testi-
mony, and proceeded to make his award. In it he found
that there was due from the District of Columbia to the plain-
tiff, on account of the contract which formed the basis of
the suit, the sum of $10,519.20, which was composed of
two items, one of $4,440.15 for the profit of the unexecuted
balance of the contract, and the other of $6,079.05 for an
enlargement of the contract which required the resurfacing
of a larger area of the streets than had originally been in-
tended, for which a claim was made under an amended
declaration filed with the consent of the attorneys of both
parties. The report of the award the referee filed in court,
or in the clerk's office, entitling it in the case, which he did
without consultation with either party; and with the report
were some papers containing fragmentary portions of the
evidence taken before him, which he subsequently testified

he had taken for his own guidance, and had not reduced to the condition of formal deposition. The filing of the report was on July 18, 1892.

It should be noted that there was no order made by the court at any time, either before or after the action by the referee, referring the cause to him.

On September 23, 1892, exceptions to the report of the referee were filed by the District of Columbia on the ground of excessive damages, insufficiency of evidence and errors of law, the attorney for the plaintiff waiving objection for lapse of time.

Again the case rested until March 10, 1893, when the plaintiff, by a new attorney, moved for judgment on the award. But what further action, if any, was taken in the case, until the cause was consolidated for trial with another suit subsequently instituted, does not appear from the record before us.

Proceeding upon the theory that the reference of the cause by the parties to Mr. Johnson was a submission to arbitration, and that the award was binding upon both parties as that of an arbitrator, and was not a mere reference under statute to aid the court in reaching a judgment, the plaintiff, on August 8, 1893, assuming that the first suit had been discontinued by the reference to arbitration, instituted a suit upon the award. To this the defendant pleaded that there was no award; that the alleged award was not under seal, and had never been delivered to the defendant; that there never was any agreement to submit to arbitration; that the former suit was yet pending, and that the defendant was never indebted and had never promised as alleged. When the cause was ready for trial, motion was made on behalf of the plaintiff for its consolidation with the previous cause "for trial at the same time and by the same jury," and the motion was granted over the opposition of the attorney for the District, who, however, took no exception to the ruling, so far as the record discloses.

At the trial the plaintiff proved and offered in evidence the letter hereinbefore mentioned, proposing the submission of the case to a referee, and the order of the Commissioners of the District appointing J. J. Johnson, Esq., as referee. She then adduced testimony in regard to various interviews, subsequent to the date of the letter, between her attorney and the Commissioners, tending to show that the agreement between the parties was for a final arbitration, and not merely for reference for report to be made to the court. Several objections were made to this oral testimony on behalf of the defendant on the ground that the agreement between the parties was in writing, and that its terms could not be varied by oral testimony. But these objections were overruled, and exception was duly noted.

Then the plaintiff offered in evidence the report or award of the referee, which was admitted over the objection of the defendant. For this objection two grounds were assigned: 1st. That all the papers and evidence that appeared to have been attached to the report should have been offered with it, if it was offered at all; and, 2d. Because the referee was without authority to make an award. To the ruling of the court exception was reserved. This was the substance of the plaintiff's evidence in chief. The defendant then introduced oral testimony tending to show that the reference to Mr. Johnson was not intended to be an arbitration; and also offered in evidence the record and proceedings in the first cause, the purpose being apparently to get in not only the referee's report, but also all the papers that had been attached to it, or delivered to the clerk with it. Some confusion or misunderstanding seems to have resulted in this connection. There was a colloquy between counsel as to what was intended to be included in the offer, counsel for the defendant stating that he meant to offer "the record in the first case;" then again, "the declaration, pleas, and everything else;" and again, "the report of Mr. Johnson, the exceptions to the report, and the motions to confirm the

report." Strangely enough, the record before us does not show whether this record and proceedings, or whatever it was that was offered in evidence, was admitted by the court or refused. There is nothing to show the ruling of the court upon it. But as no exception appears on the record to have been taken by either party, it must be assumed that the action of the court in that regard was satisfactory to both.

But in the course of the preparation of the bill of exceptions, a controversy arose before the judge as to whether the evidence, or what is called the evidence, alleged to have been attached to the referee's report, was included in the offer. After stating the misunderstanding of counsel as to the matter, the justice who tried the case, says, in the bill of exceptions:

"No part of the papers purporting to be evidence was in fact read in evidence to the jury, the case being submitted without argument. The presiding justice is of opinion that the evidence so called is not a part of the report and was not included in the offer; but in order that the District of Columbia may be able to present this question to the Court of Appeals, the evidence in question is appended hereto and marked 'Exhibit A,' and made part hereof."

There was testimony in rebuttal by the plaintiff, and both parties then presented prayers for instructions to the jury. The plaintiff requested one, which was granted, and the defendant five, two of which were granted and three refused.

The plaintiff's prayer was, in substance, that if, in fact, an arbitration was intended by the reference to Mr. Johnson, the jury should return a verdict for the plaintiff. To the granting of this the defendant excepted.

Of the two prayers granted on behalf of the defendant, one was for a peremptory instruction to the jury to return a verdict for the defendant in the first case, on the ground apparently that there was nothing to support the declaration. Exception to this was noted by the plaintiff, for the avowed

purpose merely of preserving her rights in that case in the event that she should not succeed in the second. And the second prayer granted on behalf of the defendant was the converse of the plaintiff's prayer, and was to the effect that, if the jury found that by the reference to Johnson only a reference for report to the court was intended, their verdict should be for the defendant. Of the three prayers refused, one contemplated a peremptory instruction to the jury to return a verdict for the defendant in the second case; another that the Commissioners had no authority to agree to an arbitration; and the third, that the plaintiff, as administratrix, had no authority to submit to an arbitration.

It is presumed that exception was taken to the action of the court on these prayers, but it is one of the peculiarities of this very peculiar case, that what purports to be the bill of exception in this regard is without date and does not purport to have been signed by the trial justice or by any justice. And there would seem to be some reason to doubt whether the bills of exception or any of them were signed in due time; but no point is made in this regard by the appellee.

The court proceeded to charge the jury of its own motion; and the charge is contained in full in the record—and there is what purports to be a bill of exceptions to some portions of it, specified to be " such parts of said charge as are contained within brackets." Yet the record shows no brackets, and there is nothing whatever to indicate the parts of the charge to which exception was taken.

The jury rendered a verdict for the plaintiff for the amount claimed, being the sum of $10,519.20, as found in Mr. Johnson's award, with interest thereon from July 18, 1892, the day on which the report was filed. And upon this there was judgment entered, from which the defendant has appealed to this court. The plaintiff, also, has appealed from the judgment entered in the first case, which was for the defendant.

Errors, nine in number, are assigned by the defendant, as follows:

1. In consolidating the two cases.

2. In admitting oral testimony to show that the intention of the parties was to submit the case to arbitration, the agreement of the parties being in writing.

3. In admitting in evidence the report of the referee, without including the papers and evidence attached thereto and filed therewith by the referee as part of his report.

4. In excluding from the consideration of the jury the evidence attached to and forming part of the report of the referee.

5. In holding that the report of the referee was admissible in evidence as an award.

6. In granting the plaintiff's first prayer.

7. In refusing to direct a verdict for the defendant.

8. In refusing to grant the defendant's third prayer, that the Commissioners were without authority to agree to submit the matters in controversy to the final award of an arbitrator.

9. In refusing to grant the defendant's fifth prayer, that the plaintiff, as administratrix of her deceased husband, had no authority to agree to submit the claim to arbitration.

*Mr. Sidney T. Thomas*, Attorney for the District of Columbia, and *Mr. Andrew B. Duvall*, Assistant Attorney, for the District of Columbia.

*Mr. A. S. Worthington* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

We are unable to find any substantial support in law for any of the propositions involved in these assignments of error in view of the facts of the cases under consideration.

The first assignment of error is palpably untenable.

The trial of the causes at the same time and by the same jury was a matter within the discretion of the trial court,

and plainly not a subject for appeal to an appellate tribunal. Counsel for defendant have failed to point out wherein any injury has accrued to the defendant, or wherein the defendant has been deprived of any right of defence or other right by the consolidation. And plainly it has suffered no damage whatever by that action of the court.

Counsel for defence have likewise failed to support, either by argument or by authority, their proposition that it was not competent for the parties, or for either of them, to submit their controversy to arbitration. The contrary proposition seems to us to be consonant with reason, and sustained by the great preponderance of authority. In the absence of statutory prohibition or other conventional disqualification, the right to submit to arbitration is as broad as the right to sue and be sued. Dillon on Mun. Corp., Sec. 478 ; *Alexandria Canal Co.* v. *Swann,* 8 How. 83 ; *Township of Walnut* v. *Rankin,* 70 Iowa, 65 ; *Sisson* v. *Mayor of Baltimore,* 51 Md. 83 ; *Ebert* v. *Ebert,* 5 Md. 353 ; *Lyle* v. *Rogers,* 5 Wheat. 406 ; *Dickey* v. *Sleeper,* 13 Mass. 244 ; *Wood* v. *Tunnicliff,* 74 N. Y. 38 ; *Bean* v. *Farnham,* 6 Pick. 269 ; *Alling* v. *Munson,* 2 Conn. 691 ; *Barry* v. *Rush,* 1 T. R. 691 ; Bacon's Abridgement, Art. C.; and 2 Williams on Executors, 1800.

That the parties, therefore, were competent to enter into articles of arbitration for the determination of their controversy, if they did so enter, we regard as being beyond reasonable question or doubt. And this leads at once to the substantial question in this case, the inquiry whether the parties did in fact agree to submit such controversy to arbitration, and whether, pursuant to such submission, there was an award rendered which became binding on both parties.

Whether the parties agreed to enter into arbitration, is a question of fact for a jury. The principal issue raised by the pleadings in the second suit is, whether there was such an agreement, and a submission in pursuance thereof. Such an agreement, if it existed, may have been in writing or may have been oral. The defendant claims that the agree-

ment, whatever it was, is contained in the letter of the attorney to the Commissioners proposing it and the order of the Commissioners made in pursuance of that letter; and therefore it objected to the introduction of oral testimony. But plainly these documents do not of themselves constitute an agreement. The order of the Commissioners does not refer in terms to the letter of the attorney and does not purport to have been made in pursuance of it. Oral testimony was admissible to connect the two, and to show the transactions between the writing of the letter and the making of the order. The letter and the order are only parts of the contract, not necessarily referable one to the other; and it was proper to show the connection by oral evidence. It is plain from the record that the agreement for arbitration, if such an agreement there was at all, was, in contemplation of law, only an oral agreement, whereof some of the steps or component parts were in writing or to be evidenced by writing. It necessarily follows, therefore, that oral testimony was proper in proof of it. And it follows likewise, as there was conflicting testimony on the subject, that this was an issue proper to be submitted to a jury, and should not have been withdrawn from them, as prayed by the defendant. For the question is not, as counsel for the defendant in their argument would seem to imply, one of the construction and effect of the records of the court. The agreement for a reference never became a record of the court. It was wholly an extraneous transaction between the parties. Whether the report of the referee, made in pursuance of the reference, became a record of the court, is a very different question, and one which only enters as one element of proof, into the determination of the issues in the case.

But even if the contention of the defendant were correct that the entire agreement between the parties is evidenced by the letter of the attorney and the order of the Commissioners, it is not apparent that this helps the defendant's

9 Ct. App.—25

cause.   For if the agreement consists of these two docu-
ments, then the order of the Commissioners would necessa-
rily have to be construed with reference to the letter of the
attorney, the offer of which was in specific and distinct
terms, for an arbitration that should be a final settlement of
the controversy.   An order that could not be construed as
an acceptance of that offer could not constitute an agree-
ment.   And if these two papers constituted all the agree-
ment, and the construction of them as such must be as here
indicated, it is very plain that oral testimony to the same
effect, even if inadmissible, could not have prejudiced the
defendant.

The third assignment of error is based on the admission
in evidence of the referee's report, when introduced by the
plaintiff, without including the papers and evidence attached
thereto and filed therewith by the referee as part of his
report.   This assignment is wholly untenable.   Counsel for
defendant claim to have themselves introduced these papers
and evidence also ; and if their claim be correct in that
regard, it is not apparent how any injury was done by the
failure of the plaintiff to introduce them.   But counsel for
plaintiff were plainly right in excluding these papers and
evidence, so called, from their offer.

The " papers and evidence " referred to are merely frag-
mentary portions of the testimony taken before the referee,
or taken by him, as he says, for his own information—some
of it consisting of letters admitted instead of depositions
and much of it merely notes of oral testimony never read
to the witnesses and never signed by them or in any manner
reduced to deposition.   These " papers and evidence " do
not purport to be all the testimony that was adduced before
the referee.   On the contrary, it distinctly appears that they
do not constitute the whole testimony so taken, and that im-
portant portions of the testimony were omitted therefrom.
Nor is it true that these " papers and evidence " were attached
by the referee to his report, or that they were filed by him

as part of his report. Nowhere in his report does he refer to them; and there is nothing in the record of the cause in which they were filed to show that they had any connection whatever with the report beyond the fact that they were filed on the same day with the report.

Manifestly to permit such fragmentary and unauthorized " papers and evidence " as these to be introduced in evidence in the second suit, whether offered by the plaintiff or by the defendant, would have been highly improper. They were not admissible in the case under any circumstances or for any purpose. If the testimony taken before the referee was proper at all to be introduced in evidence in this case, it should have been the whole testimony, and not merely fragmentary and detached portions of it.

But we are of opinion that this testimony was not admissible at all in the premises. The testimony is no part of the award of an arbitrator; nor is it any part of the report of a referee, unless specifically so made by the report itself, or it has been directed by the order of reference to be returned to the court. This we regard so well settled as to need no citation of authority in support of it. We presume that no authority can be found in opposition to it. It is the duty of a referee to report facts, not the testimony by which such facts are established. He is in a measure substituted for a jury, and his findings are equivalent to their verdict. The functions of an arbitrator go beyond this. He finds the facts and adjudicates the claims of the parties. It is very clear, therefore, that, unless the testimony has been in some way incorporated into the report of one or the award of the other, it constitutes no part of either.

The fourth assignment of error consists in the alleged exclusion from the consideration of the jury of the evidence attached to and forming a part of the report of the referee. What we have said in regard to the third assignment will serve to dispose of this assignment also. Moreover, we must take the statement of the presiding justice, which we may

add is corroborated by other parts of the record, that this alleged evidence was never offered in this case, as correct; and it follows, of course, that there could have been no exclusion from the consideration of the jury of that which was never offered for their consideration.

Much argument is expended on behalf of the defendant to show that from the evidence the referee's award or finding was not warranted. But the evidence taken before the referee was not before the court below, and is not before us; and no inference whatever of the propriety or impropriety of the award can be drawn from it. That award or report, whichever it be or be called, must be judged by its own findings of facts and its legal conclusions therefrom, and not by any extraneous testimony.

The fifth, sixth and seventh assignments of error raise simply the question whether the referee's determination was an award based upon an agreement to submit to arbitration, or only a report to the court for its information requiring action by the court thereon to give it vitality. And this question, of course, depends for its solution upon the character of the agreement between the parties, if agreement there was. As we have already indicated, there is no record of the court to determine the matter; and the question becomes one of fact to be determined by a jury, which it was not competent for the court, under the condition of the proof, to take away from them by a peremptory instruction. We think that it was properly and fairly submitted to the jury by the court.

The question is not whether the referee's report is correct or not; but whether there was an agreement to submit to arbitration, an actual arbitration in pursuance of it, and an award thereupon by the arbitrator. These are all matters of fact for determination by a jury; and they have all been resolved by the jury in favor of the plaintiff. We would not be disposed to question the justice of their verdict, even if we had the right to do so. The argument upon the merits of the plaintiff's original claim, even if it were well

founded in fact, has no place in the discussion before us. If we could admit such discussion, arbitration and award would be a farce, and even reference to a referee under statute or rule of court would be a meaningless formality.

We are of opinion that there is no error in the record; and that both of the judgments appealed from should be *affirmed with costs. And it is so ordered.*