## COUNTY OF SOMERSET.

KENDALL *versus* BATES, *Adm'r.*

Administrators have authority to submit to referees any controverted personal claims, affecting the estates under their care.

To a submission "of all demands except heirship," entered into by parties between whom there existed no controversy respecting inherited estates, no specific demand need to be annexed, inasmuch as the words "except heirship" are, in such case, of no import or effect.

In an award founded upon a submission of "all demands," a statement that the award is in full of "all accounts" to them submitted," is to be understood as meaning "in full of all demands" to them submitted.

SUBMISSION to referees, acknowledged before a justice of the peace.

It is admitted that the administrator had no authority to enter into the submission, except as pertaining to his office by operation of law.

The submission purported to be of an annexed demand, made by the plaintiff against the intestate, "and all other demands on either part, except heirship;" "the report of the arbitrators being made at the next term of the Supreme Judicial ———, to be holden at Norridgewock, after such report shall be made, the judgment therein to be final." No specific demand was annexed to the submission.

The referees heard the parties, and awarded to the plaintiff $197, "in full of all accounts submitted" to them. Their report was made at the term of the S. J. Court, held at Norridgewock, next after the submission was entered into.

The case was submitted to the Court for adjudication, upon a motion to accept the award.

*J. S. Abbott,* for the defendant.

1. The submission was merely void. An administrator, except when specially authorized by the Judge of Probate, has no authority to submit the affairs of the estate to arbitration.

2. The submission was invalid.   No specific demand, signed by the plaintiff, or in his handwriting, was annexed to it. 3 Mass. 242 and 398 ; 9 Maine, 15 ; R. S. c. 138, § 3, 4.   Neither was it a submission of all demands, because it contained an exception as to all claims resulting from their relation as heirs to a common ancestor.

3. The submission is not made returnable to any court.

4. It is not made returnable within one year from its date. R. S. c. 138, § 2.

5. The award did not conform to the submission.   It was made, not upon all the *demands*, but merely upon all the *accounts* submitted.

*Stackpole,* for the plaintiff.

WELLS, J. — Administrators are authorized to prosecute or defend suits involving the interests of the estates intrusted to their care.   One mode of determining controversies, which the law has provided, is a submission to arbitration.   Administrators may also discharge claims against the deceased, and having power to decide upon their existence and validity, they can transfer it to another, when disputes arise concerning such claims.   Hence it has been held, that they can submit doubtful claims to arbitration.   *Eaton* v. *Cole,* 1 Fairf. 137 ; *Weston* v. *Stewart,* 2 Fairf. 326 ; *Coffin* v. *Cottle,* 4 Pick. 454 ; *Bean* v. *Farnham,* 6 Pick. 269 ; *Bacon* v. *Crandon,* 15 Pick. 79.

The parties had authority by the sixth section of the statute, c. 138, to agree upon the time when the report should be made ; and the language of the provision, contained in the submission, " the next term of the Supreme Judicial to be holden at Norridgewock, after such report shall be made, the judgment thereon to be final," sufficiently indicates the court, to which it was returnable.   The word court is clearly understood, although not expressed.   There was no other tribunal then existing but the Supreme Judicial Court, to which the report could be made.

The third section of the statute provides, that " if all de-

Kendall *v.* Bates.

mands between the parties are submitted to the decision of the referees, no specific demand need be annexed to the agreement." No specific demand was annexed to the agreement, and signed by the party making it, as is required to be done, in such case, by the fourth section of the same statute. But " all other demands on either part, except heirship," are submitted, and the question presented is, whether this is a reference of all demands. If the exception would withdraw nothing from the consideration of the referees, which they might lawfully decide, under a general submission of all demands, then it would be useless and inoperative, and all demands would in reality be submitted to them.

The decision of the mere question of heirship, whether Stevens Kendall is heir, without reference to his claims as such, would be productive of no practical result. If the meaning should be considered more extensive, and as embracing what he might be entitled to recover as heir, the inquiry arises, whether there was any property of that description, which, under a reference of all demands, could be legally considered by the referees. They were deprived of power, while acting as referees under the statute, to decide concerning the title to real estate, and the administrator had no authority to grant it, or withhold it, except incidentally where it might be sold for the payment of debts. If the estate was solvent, he might have a share in its distribution. But no claim could exist for that, until there had been a decree of distribution made by the Judge of Probate. It does not appear, nor is it probable, that any such decree was made when the referees heard the parties, nor is it shown that any has been made since. Under a reference of all demands, the referees could not decide upon any not then existing. The exception could not in any point of view limit the proper action of the referees so as to exclude from their consideration all demands then existing between the parties. All legitimate demands were open to their examination, and the exception was inoperative.

The referees find a sum due from the estate to Stevens Kendall. They must have come to this conclusion upon an

examination of the respective demands of the parties, and in pursuance of the submission, and when they add, *that they* find the sum due " in full of all accounts submitted to us," they must be understood as meaning, in full of all demands submitted to them.

*The report must be accepted.*

SHEPLEY, C. J., and HOWARD, RICE and HATHAWAY, J. J., concurred.