## PHELPS v. PEABODY et al.

Courts of Equity will only interfere to enjoin a judgment at law, rendered against a party by reason of fraud or accident, unmixed with any fault or negligence of himself or his agents.

Trials before a referee are conducted in the same manner as before Courts; and exceptions must be taken to the rulings of the referee, in the progress of the trial, in the same manner as they must be taken before a Court; and such exceptions must be embodied in the report of the referee, or made part thereof by his proper certificate.

Where a party failed to obtain the proper certificate of the referee, relying on the verbal assurance of the attorney on the other side, that he would agree to a statement, such party cannot be considered free from fault and negligence, and he is not in a position to invoke the aid of a Court of Equity to enjoin a judgment obtained against him.

Where a verdict has been obtained at law against a defendant, and he has neglected to apply for a new trial within the time appointed by the proper Court of law, Courts of Equity will not entertain a bill for an injunction on the ground that the original demand was unconscientious.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiff filed his bill, praying for an injunction restraining all proceedings upon a judgment obtained against him by the defendant Peabody, and for other equitable relief.

The bill sets forth that the case, in which the judgment was obtained, was tried before a referee, who, as it alleges, committed divers errors in the trial thereof. The bill alleges, that in consequence of a verbal agreement with the opposite counsel to agree to a statement for a motion to set aside the referee's report, and for a new trial, the present plaintiff, in that suit defendant, neglected to obtain from the referee a proper certified statement, containing the errors and exceptions made and taken on the trial before the referee, until too late to entitle him to make his motion; by reason whereof judgment was entered against him, and his motion for a new trial, etc., was overruled; and that, having no statement, he is remediless by appeal or otherwise at law. The bill charges that the verbal agreement, above mentioned, was made with the fraudulent intent of inducing him to allow the period allowed for his motion to elapse, etc.

The defendant demurred to the bill. The Court sustained the demurrer, and entered judgment accordingly.

Plaintiff appealed.

*John Currey* for Appellant.

" The cases in which relief in equity may be granted," says Judge Willard, " against actions at law, are infinite. The jurisdiction does not spring from any superiority of a Court of Equity over a Court of law, but originates in the fact that the party complained of is making a use of the jurisdiction at law contrary to equity and good conscience." Willard's Eq. Jur., 347; 2 Story's Eq. Jur., §§ 875, 876, 877, and 880, etc.; The People *v.* Lafarge & Ball, 3 Cal. R., 130.

" In regard to injunctions after a judgment at law, it may be stated, as a general principle, that any facts which prove to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a Court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will authorize a Court of Equity to interfere by injunction to restrain the adverse party from availing himself of such judgment. Bills of this sort are usually called bills for a new trial." 2 Story's Eq. Jur., § 887; Marine Insurance Company of Alexandria *v.* Hodgson, 2 Cond. R., 518.

The bill of complaint sets forth facts, and alleges matter, which, being confessed, establishes a case which, at law, demanded a judgment for the appellant, and which, being true, vitiates the judgment obtained by Peabody, in his action at law. Marine Insurance Company of Alexandria *v.* Hodgson, 7 Cranch R., 332, etc., and 2 Cond. R., 518.

The demurrer also admits, that after such judgment at law was obtained, the attorneys for Peabody deluded and deceived the attorney for Phelps, in respect to the settlement of the statement, until it was too late to obtain any relief at law. This, it will not be contended, was matter that could have been set up in the action at law.

The only excuse offered for this violation of a promise, on which Phelps' attorney relied until too late for remedy at law, is that Phelps' attorney ought not to have relied upon the naked promise of the attorneys on the other side.

If, by artifice and false promises, Phelps' attorney was deceived and misled to the injury of his client, and such artifices and falsehood proceeded from the adverse side, such adverse party ought not to expect or receive any countenance from a Court of Equity, in the maintenance of an advantage so iniquitously obtained. 1 Story's Eq. Jur., § 187; Chesterfield *v.* Janssen, 2 Vescy, 155.

*Whitman & Wells* for Respondents.

1. Plaintiff's complaint does not show, (as it should, to entitle it to the consideration of the Court,) that the grounds of relief

are not, or have not been, available at law, or have not been passed upon at law.   Story's Eq., 194; Marine Insurance Company v. Hodgson, 7 Cranch, 336, 337; Murray v. Graham, 6 Paige, 622; Smith v. Lowry, 1 Johns. Ch. R., 320.

2.   Where law affords method of relief, a Chancery Court has no power to renew on the merits.   Patterson v. Corporation of New York, 1 Paige, 114.

3.   The remedy, in case at bar, is ample at law, and is distinctly pointed out by statute and the decisions of this Court.   Practice Act, §§ 187, 188; 2 Cal., 72; 4 Cal., 122; 3 Cal. 406; 4 Cal. 122; 6 Cal., Fierro v. Graves.

4.   If appellant has neglected to avail himself of his legal remedies, he cannot now properly invoke the aid of a Court of Chancery, and what these remedies are, is clearly set forth in Porter v. Burling & McKee, Cal. Rep.

5.   If appellant complains of fraud or accident, he must show that it was unmixed by negligence or fault on his part.   Duncan v. Lyon, 3 Johns., 351; 6 Johns., 90.

6.   Accident, as a ground of relief, proceeds on the foundation that there is no adequate or complete remedy at law; that the party has rights which ought to be protected and enforced, or that he is in danger of some loss or detriment; but it is no ground in matters of positive contract or obligation.   Story's Equity, 101, 105.

7.   Mistake is only ground for relief when material to the contract or the parties, which is not the case in the cause at bar.

TERRY, J., delivered the opinion of the Court—Burnett, J., concurring.

The demurrer was properly sustained.   The complaint sets out no facts of which the party could not have availed himself in the trial before the referee; indeed, the plaintiff alleges, that the facts were given in evidence before the referee, and only complains that by the sharp practice of one of the counsel for the plaintiff, now defendant, he was prevented from having a properly authenticated statement of the case before the Court, on his motion for new trial.

This is no sufficient reason for enjoining the judgment.   It is a well-established rule, that Courts of Equity will only interfere to enjoin a judgment at law rendered against him by reason of fraud or accident, unmixed with any fault or negligence in himself or his agents.   2 Story Eq., § 887.

Under the former rulings of this Court, trials, before referees, are conducted in the same manner as before Courts; and exceptions must be taken to the rulings of the referee, in the progress of the trial, in the same manner as they are taken before a Court, and such exceptions must be embodied in the report of

the referee, or made a part of the report, by being properly certified by him.   Tyson v. Wells, 2 Cal., 130.

The plaintiff, having failed to procure the certificate of the referee, and having chosen to rely on the verbal assurance of the attorney on the other side, that he would agree to a statement, crnnot be said to be free from fault and negligence, and is not in a position to invoke the aid of a Court of Equity.   The objection that the judgment was rendered in vacation, can be taken advantage of upon appeal from the judgment.

" When a verdict has been obtained at law against a defendant, and he has neglected to apply for a new trial within the time appointed by the proper Court of law, Courts of Equity will not entertain a bill for an injunction, on the ground that the original demand was unconscientious.   It is not the practice of Courts of Equity to assume jurisdiction in favor of parties who, having had an opportunity of asserting their title in another Court, where the matter has been properly the subject of adjudication, have either missed that, or have not thought proper to bring their title forward."   2 Story Eq., 894, 895.

Judgment affirmed.