## ESTATE OF ELI JASPER BURNS, DECEASED.

[No. 6426; decided June 30, 1880.]

**Reference of Claim—Manner of Conducting.**—Where an executor or administrator doubts the correctness of a claim presented to him, and a reference is had pursuant to section 1507, Code of Civil Procedure, the reference must be conducted as provided in section 1508 and sections 638-645, Code of Civil Procedure.

**Reference of Claim—Testimony Against Executor.**—The reference of a doubtful claim is ''a proceeding prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person,'' and subdivision 3, section 1880, Code of Civil Procedure, applies, so that the claimant prosecuting cannot testify ''as to any matter of fact occurring before the death of such deceased person.''

M. T. Moses, for estate.

Geo. F. Hoeffer, for claimant, contra.

COFFEY, J. Construction of sections 1507 and 1508, Code of Civil Procedure, 638, 645, Code of Civil Procedure, and section 1880, subdivision 3, same code. Sections 1494, 2002, 2009, 2019, Code of Civil Procedure, considered in connection with affidavit to claim.

The reference herein was pursuant to section 1507, Code of Civil Procedure, and the rule for conducting such reference is found in the next section, 1508, Code of Civil Procedure, and in sections 638 to 645, of the same code. Hence it follows that subdivision 3 of section 1880 applies, incapacitating the claimant from testifying in his own behalf. This is ''a

proceeding prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person," and the claimant prosecuting may not testify "as to any matter of fact occurring before the death of such deceased person."

I have read the brief of counsel for claimant with care, but it fails to enforce conviction that his view is correct. With equal care I have considered the opposing argument, and believe it states the law correctly. The testimony of claimant having been objected to in proper time and form, must be disregarded.

### IS AN AFFIDAVIT TO A CLAIM EVIDENCE?

Counsel for claimant devotes much space to an attempt to show that the affidavit required by section 1494, Code of Civil Procedure, to be made in support of a claim against an estate, is evidence tending to prove the validity of such claim.

Even if he be correct in this position, what has it to do with the only question to be determined here, namely: Did the referee err in sustaining the objection to the testimony of the claimant Manheim? And if the claim, with such affidavit annexed, is or may be evidence, it does not appear that claimant offered it in evidence before the referee, or that the referee struck it out, or disregarded it, or refused to receive it.

Counsel endeavors to draw a distinction between the verification of a complaint and the verification of a claim against an estate of a deceased person, to the advantage of the latter. But as a complaint may be good without verification, and a claim against an estate never can be, the advantage is surely with the claim, and the law has given it greater dignity and placed it upon higher ground. A complaint is a statement of a plaintiff's claim; but is the complaint, whether verified or not, evidence upon the trial of that claim?

It may be that

### THE AFFIDAVIT IS TO SOME EXTENT EVIDENCE.

So is the written claim itself. But they are only evidence to be addressed to the executor or administrator. It cannot

be successfully contended that either of them would be competent evidence of the validity of such claim on a trial in which such claim was disputed.

The administrator represents the creditors, and the provision requiring that claims be sworn to is simply to afford greater protection to the heirs and to furnish better means of preventing fictitious and unconscionable demands being made against the estate by claimants and paid by their representative, the administrator.

If it be true, as asserted by claimant's counsel, that prior to the act of March 30, 1872, such claims did not have to be sworn to, it is difficult to see that that act had any other purpose than the protection of estates just mentioned. Surely the legislature did not intend that the addition of an affidavit to what was before incompetent evidence should make it competent evidence upon the trial of disputed claims. A change in the long-settled and well-established rules of evidence is not to be made by inference.

### THE TESTIMONY OF WITNESSES

Is taken in three modes: 1. By affidavit; 2. By deposition; 3. By oral examination: Code Civ. Proc., sec. 2002.

In all cases other than those mentioned in section 2009, where a written declaration under oath is used, it must be by deposition: Code Civ. Proc., sec. 2019.

Section 2009, Code of Civil Procedure, provides that "an affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, . . . . and in any other case expressly permitted by some other provision of this code."

If counsel for claimant contends that there is any express provision of the code making the affidavit to a claim against the decedent evidence or testimony of the legality of such claim, he has failed to point it out.

### COMPETENCY OF CLAIMANT AS A WITNESS.

Was the claimant, David Manheim, a competent witness upon the trial before the referee of the validity of his claim?

The answer to this question depends upon the construction to be given sections 1880, 1507 and 1508 of the Code of Civil Procedure.

A statute is to be given such a construction, if possible, as will give it effect.

The effect and consequences and the reason and intent are to govern in the construction of statutes.

Is this an "action" or "proceeding," and is it against an administrator, within the meaning of section 1880, Code of Civil Procedure?

### REFERENCES UNDER THE CODE.

This case is a reference made under section 1507, Code of Civil Procedure. It is a legal proceeding, having for its sole authority that section of the Code of Civil Procedure. The consent of the claimant and the administrator extends only to the method of the trial of the issue between the parties, the same as in other cases of reference and as in cases of arbitration. Section 638 and 1281, Code of Civil Procedure et seq., also section 1508, Code of Civil Procedure: "The same proceedings shall be had in all respects . . . . as in other cases of reference."

As it is a reference under the code, it must be subject to the provisions of the code.

It must be a "judicial remedy," for judicial remedies are such as are administered by the courts of justice or by judicial officers, empowered for that purpose by the constitution and statutes of this state: Code Civ. Proc., sec. 20.

### DIVISION OF JUDICIAL REMEDIES.

These remedies are divided into two classes: 1. "Actions; and 2. Special proceedings": Code Civ. Proc., sec. 21.

### AN ACTION.

"An action is an ordinary proceeding in a court of justice, by which one party prosecutes another, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense": Code Civ. Proc., sec. 22.

## A SPECIAL PROCEEDING.

"Every other remedy is a special proceeding": Code Civ. Proc., sec. 23.

Now, this reference is a proceeding or remedy provided for in the same statute in which we find these provisions; so it must be either an action or a special proceeding.

It is part of the duty of an administrator, in winding up an estate, to allow or pay no claim against it which is not a legal, bona fide and existing indebtedness; otherwise he would not be responsible to the heir (as he is) for claims unlawfully allowed and paid by him. To protect himself in this respect the administrator must, before he allows a claim, be satisfied of its "correctness." When he is not satisfied of its correctness it is his duty to reject it. But to facilitate the winding up of estates, to save the loss of time and expenditure of money incident to ordinary litigation, the statute (Code Civ. Proc., sec. 1507) provides that, where the administrator is not satisfied of, or, to use its own stronger words, "doubts" the correctness of any claim, he may agree—to do what? to the trial by a referee, instead of by the court, in the ordinary way of—what? not the amount due on an admitted claim, but

## "THE MATTER IN CONTROVERSY."

Section 1508 makes it the duty of the referee to "hear and determine the matter." The only effect and purpose of these provisions is to change the tribunal or judicial officer before whom the trial of the matter shall be had.

No question has been raised as to the constitutionality of sections 1507 and 1508. If there had been, it would be the duty of the court to construe them, if possible, so that they might stand. "No person can be deprived of his life, liberty or property without due process of law." The court may enter judgment upon the report of the referee, and such judgment "shall be as valid and effectual, in all respects, as if the same had been rendered in a suit commenced by ordinary process." Code Civ. Proc., sec. 1508.

### HOW THE STATUTE REGARDS THIS PROCEEDING.

Observe that the statute seems to regard this proceeding as a "suit"; if not, why were the words "commenced by ordinary process" added in the clause last cited? If this proceeding was not to be considered as a "suit," that clause would have been complete if it had simply read "such judgment shall be as valid as if the same had been rendered in a suit."

This seems an appropriate place to refer to counsel's remarks relative to the process in actions and proceedings. He says that in the one case defendant is brought in by means of a "summons," and in the other by "an order to show cause." If this were strictly true, it would be immaterial in the present matter; but it is not true.

In the matter of contested elections—special proceedings—the defendant is brought in by a citation: Code Civ. Proc., sec. 1119.

In "confession of judgment"—a special proceeding—no process is issued: Code Civ. Proc., secs. 1132-1135.

In "submitting a controversy without action"—a special proceeding—no process is issued: Code Civ. Proc., sec. 1138 et seq.

In "forcible entry"—special proceedings—a summons is issued to bring the defendant into court.

So, also, is a summons used in proceedings for the enforcement of liens: Code Civ. Proc., secs. 1190, 1191.

In the punishment of contempts not committed in the immediate view and presence of the court or judge—a special proceeding—a warrant of attachment may be issued: Code Civ. Proc., sec. 1212.

In the "voluntary dissolution of corporations," publication of a notice is resorted to: Code Civ. Proc., sec. 1230.

In proceedings for the exercise of the right of eminent domain, a summons is issued: Code Civ. Proc., sec. 1243.

In the matter of escheated estates, a summons is issued: Code Civ. Proc., sec. 1269.

Notice of applications for the change of names is given by publication: Code Civ. Proc., secs. 1276, 1277.

In arbitrations (Code Civ. Proc., sec. 1281 et seq.), a closely analogous proceeding to the one had in this case, no process is used for bringing in the parties. And the reason why none is used either in the matter of arbitrations, references or agreed cases, is obvious, that no process is necessary to bring in a party who by his agreement has already brought himself before the judicial officer or tribunal.

The object of process is to get the parties before the court— why issue it when they are already there? And being there, whether voluntarily, or in obedience to process, the court or officer, if possessing jurisdiction of the subject matter, can render a judgment "valid and effectual" and binding upon the parties.

As before remarked, the sole effect of the agreement to refer by the administrator and claimant was to change the tribunal or judicial officer before whom the trial of the disputed question was to be had. It did not change the status of the parties. They were still adverse. The claimant remained the plaintiff, and the administrator remained the defendant, which, being so, made this "an action or proceeding against an administrator." Natural reason must and does produce this conclusion, and our supreme court have repeatedly in their decisions, either in effect or in express terms, so held in cases of reference and arbitration.

In Tyson v. Wells, 2 Cal. 130, the court said: "The parties agreed in writing to submit the matter in dispute between them to certain arbitrators, and the agreement was filed among the papers in the case in the court below. In addition an order of court was granted, by consent of the parties, referring the suit to the same person selected by their agreement. Now, whether we view the case as an arbitration at common law, or a reference under the statute, in either case the decision must be the same; because we hold that the statute is in aid of the common law remedy by arbitration, and in no respect alters its principles. . . . . The court will not disturb the award of an arbitrator, or report of a referee, unless the error which is complained of, whether it be of law or fact, appears upon the face of the award. And in the case of a report of the referee our statute does not alter or

interfere with this rule. It declares that the decision may be excepted to, and reviewed in like manner as if tried by the court. The clear meaning of this is that exceptions must be taken to the rulings of the referee during the process of the trial in the same manner they are taken before a court; and then such exceptions must be embodied in the report of the referee, or made a part of his report, by being properly certified by him."

A trial before a referee is to be conducted in the same manner as before a court: Muldrow v. Norris, 2 Cal. 74, 56 Am. Dec. 313; Goodrich v. Mayor etc. of Marysville, 5 Cal. 430; Phelps v. Peabody et al., 7 Cal. 50.

A referee has all the powers of a judge in relation to the trial: Plant v. Fleming et al., 20 Cal. 93.

In Edwards on Referees, page 114, it is said: "The rules of evidence are the same before referees as before a jury. They come in the place of a jury. Improper testimony must not be heard before them, any more than before a court at the circuit: Every v. Merwin, 6 Cow. 364."

And again, at page 115, Edwards says: "A husband and wife cannot give evidence for or against each other. . . . . As the law of the state of New York now stands, interest in the event of an action will not debar a person from being a witness: Code, sec. 398. And a party to an action or proceeding may be examined as a witness, in his own behalf, the same as any other witness, but such examination shall not be had, nor shall any other person, for whose immediate benefit the same is prosecuted or defended, be so examined unless the adverse party or person in interest is living; nor when the opposite party shall be an assignee, administrator, executor or legal representative of a deceased person": Id., p. 116.

Eyres v. Fennimore, 2 Penn. 932, was a case where the referee admitted the testimony of one of the parties—parties being then incompetent witnesses—and the court set aside the report of the referee on that ground.

Counsel for claimant constantly refers to this proceeding as the "presentation of a claim," and seems determined to divert attention from its real status by ringing the changes upon that phrase.

It must sufficiently appear from what has been said that that condition of the matter had practically ceased when the administrator had in effect rejected the claim, and with the consent of the claimant agreed that it became a litigated matter, and be referred to a referee for trial. The counsel asserts that it is an "utter absurdity that the presentation of a claim is either an action or proceeding." But the learned counsel has not undertaken the task of defining what it is, if not an action or proceeding. It is a remedy—a something —that is provided for in the Code of Civil Procedure, and that statute says that every remedy is either an action or a special proceeding. And the supreme court of California has in rather terse language given us this decision which may be of some applicability here: "The presentation of the claim to the administrator is the commencement of a suit upon it": Beckett v. Selover, 7 Cal. 241, 68 Am. Dec. 237.

But there is one thing in which the counsel and the court agree. It is this: "The law not only empowers but requires the executor or administrator to either allow or reject the claim." Following this up, he should have added that in this case the administrator did not allow the claim because he did not so indorse it, but that the administrator did in effect reject the claim because he did not allow it, and because that is made by statute presumptive evidence of rejection, and because he entered into an agreement with the claimant that there should be a trial had before a referee of the question as to whether or not any claim existed in favor of David Manheim against said administrator.

Counsel enters into the discussion of a number of questions which have no bearing upon this case. So far as the determination of the present motions is concerned, it makes no difference whether the claimant would have the right to bring a suit in the ordinary method upon his claim within ninety days after the confirmation of the referee's report or not. It is immaterial in this matter whether the rejection of a claim by an administrator is a judgment or not, or whether his allowance of a claim is a judgment or not.

There can be no doubt, however, that where parties have by agreement submitted a controversy to a referee for trial, as

in this case, that the judgment of the court entered upon the report of the referee is a judgment in fact as well as in name, for the statute expressly so declares.

". . . . And the judgment of the court thereon shall be as valid and effectual, in all respects, as if the same had been rendered in a suit commenced by ordinary process'': Code Civ. Proc., sec. 1508.

A judgment against an administrator is of no greater dignity than an allowed claim. The code plainly places them upon the same footing: Code Civ. Proc., secs. 1497, 1504.

Now, ought not this to be decisive of this controversy? Section 1508 provides for the entry of a judgment upon the report of a referee, and further provides that such judgment "shall be as valid and effectual in all respects as if the same had been rendered in a suit commenced by ordinary process." What is a judgment? The same Code of Civil Procedure, in which we find this provision for the entry of a judgment with a statement of its effect, furnishes a definition of what a judgment is, and it may be assumed that it is unnecessary to cite authorities to the point that where a term is defined in a statute the use of that term in the same statute is in the sense of such definition.

Section 577, Code of Civil Procedure, thus defines a judgment:

### WHAT IS A JUDGMENT?

"A judgment is a final determination of the rights of the parties in an action or proceeding."

Note the fact that these words "parties" and "an action or proceeding" are the identical words used in subdivision 3 of section 1880, Code of Civil Procedure.

Now, in view of these facts, can the conclusion be avoided that the legislature intended, by providing in section 1508 for the entry of a judgment on the report of a referee, that the proceedings on a reference should be regarded as "an action or proceeding" of the kind referred to in sections 577 and 1880?

Further, there is here, in section 1508, provision for the entry of a judgment. A judgment must be against some one

and in favor of some one—that is, there must be parties. If this reference is not to be regarded as an action or proceeding for the enforcement of a legal remedy, the entry of a judgment upon it—a judgment "as valid and effectual in all respects as if rendered in a suit commenced by ordinary process"—is the entry of a judgment in neither of the only two kinds of judicial remedies provided by the law of our state for the enforcement or protection of a right or the redress or prevention of a wrong (Code Civ. Proc., secs. 20-23), and consequently deprives some person of his property without due process of law. Will this court hold section 1508 to be unconstitutional when its constitutionality with less violence to its language may be upheld?

But, as before remarked, the constitutionality of this section has not been questioned. Can it be questioned, or can it arise in this particular case? Are not all of the parties, by their agreement of arbitration or reference, estopped from questioning the statute under which they have contracted?

A statute which provided for the entry of a judgment against a person without a trial would be in violation of our constitution. The proceedings before the referee must be regarded as the trial, "as in other cases of reference."

Concerning counsel's criticism upon the following language found in section 1508, Code of Civil Procedure: "The court may remove the referee, appoint another in his place, set aside or confirm his report, and adjudge costs, as in actions against executors or administrators," that this legislature could not have intended that the proceedings upon the claim and reference should be regarded as an "action" because "a thing cannot be compared with itself," a few words only need be said. It might be argued that the word "other" is to be applied between "in" and "actions" in the clause just quoted, if it were necessary to do so, for forcible reasons can be given for such a reading. In a very strict sense, counsel is probably correct in his assertion that a thing cannot be compared with itself; but it is a rule which is so commonly disregarded, and so many instances of its violation may be

found in statutes, that a failure to adhere to it is in practice given very little weight.

According to our construction of the above-quoted clause, the intention of the legislature was that the proceedings under sections 1507 and 1508 should be regarded as a "proceeding"; and for this reason: Said sections are merely declaratory of the common law, which provided that "executors and administrators have by power of their office the right to submit to arbitration matters regarding the estate under their administration as a result of their power to bring and defend suits": Am. & Eng. Ency. of Law, p. 647, citing 78 N. Y. 38, 34 Am. Rep. 500; 1 Barb. 519; 14 Tex. 677; 2 Conn. 691; 9 Allen (Mass.), 173; 4 Pick. 454; 6 Pick. 269; 16 Ala. 221; 21 Ga. 334; 1 Met. (Ky.) 117; 3 T. B. Mon. 256; 35 Me. 357; 1 Fair. (Me.) 137; 2 Fair. (Me.) 326; 6 Leigh (Va.), 62; 1 Brock. (U. S.) 228.

The Code of Civil Procedure of California has made special provision for arbitrations (sections 1281-1290), and has expressly designated them as "special proceedings." (See the enumeration of special proceedings preceding section 1063, Code of Civil Procedure.)

It ought to be remarked here that there is some difference between the proceedings of a referee or arbitrator whose authority proceeds solely from the consent of the parties, and one whose authority comes from a judicial appointment. In the case of the former greater latitude is indulged with respect to the strict legal rules of procedure and of evidence.

"Where an arbitrator is to be regarded as an officer of the court, and the arbitration is to be conducted upon legal principles, he will generally not be allowed to admit incompetent evidence": 1 Am. & Eng. Ency. of Law, 680, and cases cited. See, also, Edwards on Referees, 114, 115, before cited.

We believe that it sufficiently appears from what has been already said that this is "an action or proceeding against an administrator," within the meaning of section 1880, Code of Civil Procedure.

In addition to what has been said above, it may be proper to remark that, "in the construction of a statute, the intention of the legislature" should be sought for and must govern: Code Civ. Proc., sec. 1859. Nor is section 1880 to be given that strict construction asked for it by counsel. "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice": Code Civ. Proc., sec. 4. Were it otherwise, we incline to the opinion that the application of counsel's request would operate rather to his prejudice than to his advantage. It is not so long ago that parties were incompetent as witnesses.

The enlarging provision of section 1879, Code of Civil Procedure: "All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses," is itself in derogation of the common law, and the exceptions and saving clauses of the following sections would be so construed as to embrace all who could be reasonably brought within them. The exception provided for in subdivision 3 of section 1880 is an express, though partial, saving of the old common-law rule making parties incompetent as witnesses.

### THE "SPIRIT AND REASON"

Of this subdivision, and the intention of the legislature in enacting it, are plain and free from doubt. The object of the law and the intention of the legislature were unquestionably to protect heirs and the estates of deceased persons against precisely such proceedings as were attempted in this reference. This seems so apparent that we deem it unnecessary to enlarge upon it. If this be true, would the court be justified in placing so strict and strained a construction upon the language used as would practically deprive heirs of the

protection intended to be given them by this law? Consider the

"EFFECTS AND CONSEQUENCE"

Of such an interpretation, especially under our probate law, where the public administrator, having no special interest in preserving estates, is given so great a preference in the right of administration. Suppose the case of an administrator colluding with a claimant (and this is entirely hypothetical, and without the least intention of intimating such a condition of affairs in this case), whose claim he knows to be fraudulent, to refer the claim to a referee, and upon such reference the administrator makes little, or, in fact, no opposition to its allowance, and the referee makes a report allowing the claim, and the court, in the absence of any objection of the administrator, confirms the report, what redress has the heir? His right to contest the claim on the settlement of the administrator's account, or any other recourse he may have against the administrator, is practically no protection in the greater number of cases, because there is no one living to contradict the claimant.

For the foregoing reasons the report of the referee should be and it is confirmed.

---

The General Rule that a Party cannot Testify, where the adverse party is an executor or administrator, to facts which occurred with the decedent before his death, is being departed from by the better authorities as calculated to defeat justice rather than to promote it: St. John v. Lofland, 5 N. D. 140, 64 N. W. 930; Cockley Milling Co. v. Bunn, 75 Ohio St. 270, 116 Am. St. Rep. 741, 79 N. E. 478. It is settled that subdivision 3 of the Code of Civil Procedure of California applies only to actions upon such claims or demands against the decedent as might have been enforced against him in his lifetime by personal action for the recovery of money, and upon which a money judgment could be rendered: Wadleigh v. Phelps (Cal.), 87 Pac. 93; Ballinger v. Wright, 143 Cal. 292, 76 Pac. 1108. See, also, Collins v. McKay, 36 Mont. 123, 122 Am. St. Rep. 324, 92 Pac. 295.