LUISA LÓPEZ LABORDE, individually and in representation of her minor children MARINA, ESTELA, LUZ and JAIME VÁZQUEZ PRADA Y LÓPEZ, and LEOPOLDO and LUISA MARÍA VAZQUEZ PRADA Y LÓPEZ, Plaintiffs and Appellees, *v.* CIPRIANO SANTOS-LANCHAS, Defendant and Appellant.

No. 3409. Argued February 25, 1925.—Decided May 29, 1925.

1. APPEAL—ARBITRATION AND AWARD.—The award of an arbitrator having been approved by the lower court, the Supreme Court will not reverse the judg-

ment rendered on that award unless clearly convinced that error was committed.

2. ID.—ID.—When on appeal from a judgment approving the award of an arbitrator the evidence on which the award was based is not duly before the appellate court the judgment will be affirmed.

First District Court of San Juan. Judgment for the plaintiffs with costs. *Affirmed.*

*José Martínez Dávila* for the appellant. *V. M. Fernández* and *A. J. Amadeo* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

[1] The parties here pending suit agreed to submit their differences to an arbitrator named by the court. The arbitrator stated a long account and made a finding of $152 in favor of complainants. The court confirmed this finding and rendered judgment for complainants without costs.

After two such findings this court is not disposed to reverse the judgment in the absence of a clear conviction of error. Far from this being so, we have an imperfect record before us.

[2] The parties submitted documents and vouchers to the referee. The referee made a report in which he referred to these vouchers and documents. This report was probably submitted to the court, but we have no definite statement of what really happened.

It is true that there is a so-called statement of the case in the record, but when this is examined, although it is signed by the judge, it purports to be the evidence submitted to the referee and not to the judge. The latter could hardly certify to evidence taken before another person. There is no statement even that the stenographer's notes taken before the referee were submitted to the court. In any event we have before us neither the documents and vouchers submitted to the referee nor any certificate from him as to the evidence taken before him. *Phelps* v. *Peabody,* 7 Cal. 50; *Bernard* v. *Sloan,* 84 Pac. 237. We have no due incorporation of the evidence on which the case was decided.

The judgment must be affirmed.