LUISA LÓPEZ LABORDE por sí y por sus menores hijos nombrados MARINA, ESTELA, LUZ y JAIME VÁZQUEZ PRADA Y LÓPEZ; LEOPOLDO y LUISA MARÍA VÁZQUEZ PRADA Y LÓPEZ, por su propio derecho, demandantes y apelados, *v.* CIPRIANO SANTOS LANCHAS, demandado y apelante.

No. 3409.—*Visto:* Febrero 25, 1925. *Resuelto:* Mayo 29, 1925.

1. APELACIÓN Y ERROR—REVISIÓN—CUESTIONES DE HECHO, VEREDICTO Y CONCLUSIONES—CONCLUSIONES DE UN ARBITRO.—Rendida una decisión arbitral y confirmada ésta por la corte inferior, el Tribunal Supremo no revocará la sentencia dictada sobre dicha decisión arbitral a falta de un claro convencimiento de error.
2. APELACIÓN Y ERROR—AUTOS Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ARBITRAJE—PRUEBAS ANTE EL· ARBITRO.—Cuando en apelación contra sentencia que confirma una decisión arbitral, la prueba tomada ante el árbitro no está debidamente ante la corte de apelación, procede confirmarse la sentencia apelada.

SENTENCIA de la Corte de Distrito de San Juan, (Distrito Primero), confirmando decisión arbitral, dictada a favor del demandante, sin costas. *Confirmada.*

*José Martínez Dávila,* abogado del apelante; *V. M. Fernández* y *A. J. Amadeo,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Las partes aquí, estando pendiente el pleito, convinieron en someter sus diferencias a un árbitro nombrado por la corte. El árbitro rindió una larga cuenta y llegó a la conclusión de que se pagara la suma de $152 a la demandante. La corte confirmó esta decisión y dictó sentencia a favor del demandante sin costas.

Después de tales dos conclusiones esta corte no está dispuesta a revocar la sentencia a falta de un claro convencimiento de error. Lejos de ser esto así, tenemos un récord imperfecto ante nosotros.

[2] Las partes sometieron documentos y comprobantes al árbitro. Este rindió un informe en el cual se refirió a estos documentos y comprobantes. Este informe probablemente fué sometido a la corte, pero no tenemos ninguna manifestación terminante de lo que realmente sucedió.

Es verdad que existe una llamada exposición del caso en los autos, pero, al examinarse, si bien está suscrita por el juez, representa ser la prueba sometida al árbitro y no al juez. El segundo difícilmente podía certificar prueba introducida ante otra persona. No hay ninguna manifestación, ni siquiera de que las notas taquigráficas tomadas ante el árbitro fueran sometidas a la corte. De todos modos, no tenemos ante nuestra consideración, ni los documentos y comprobantes presentados al árbitro, ni ninguna certificación suya en cuanto a la prueba tomada ante él. *Phelps* v. *Peabody,* 7 Cal. 50; *Bernard* v. *Sloan,* 2 Cal. App. 737, 84 Pac. 237. No tenemos la debida incorporación de la prueba por virtud de la cual fué resuelto el caso.

*Debe confirmarse la sentencia apelada.*